## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

DAVID L. RALSTON; and GEORGIA
RALSTON,

               Plaintiffs,

v.                                      Case No. 6:16-cv-1723-Orl-37DCI

LM GENERAL INSURANCE
COMPANY,

               Defendant.

_____

### ORDER

This cause is before the Court on the following:

1.     Defendant's Motion to Dismiss Count Three and to Strike Claims for Attorney Fees and Pre-Judgment Interest in Counts One and Two (Doc. 7), filed October 7, 2016; and

2.     Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss Count III and Incorporated Memorandum of Law (Doc. 15), filed October 21, 2016.

### BACKGROUND

This insurance coverage action arises from a September 11, 2015 automobile accident ("**Accident**") involving Plaintiff David L. Ralston ("**Plaintiff**") and Paul D. Ortiz ("**Tortfeasor**"). (Doc. 2, ¶ 6.) The Accident was caused by the Tortfeasor's allegedly negligent operation of a vehicle owned by Paula M. Adams ("**Adams**"). (*Id.* ¶ 7.) Tortfeasor and Adams allegedly had insufficient insurance coverage to compensate Plaintiff and his spouse ("**Plaintiffs**") for the losses they suffered due to the Accident.

(*See id.*) To cover the alleged shortfall, Plaintiffs sought underinsured motorist ("**UM**") benefits from Defendant LM General Insurance Company ("**Defendant**") under policy number AOS-258-0064797-70 ("**Policy**"). (*Id.* ¶¶ 7, 9, 12–14.) Ultimately, Plaintiffs initiated this action against Defendant for: (1) unpaid UM benefits and loss of consortium (*id.* ¶¶ 11–18 ("**Coverage Claims**")); and (2) violation of Florida Statutes, § 624.155 (*id.* ¶¶ 19–29 ("**Bad Faith Claim**")). On October 7, 2016, Defendant moved to dismiss the Bad Faith Claim and strike Plaintiffs' demands for attorney's fees and prejudgment interest.[1] (*See* Doc. 7 ("**Rule 12 Motion**")). Plaintiffs responded (Doc. 15), and the matter is ripe for adjudication.

## STANDARDS

Federal Rules of Civil Procedure 8 and 10 require that plaintiffs provide short and plain statements of their claims with simple and direct allegations set out in numbered paragraphs and distinct counts. *See* Fed. R. Civ. P. 8(a), (d) ("Each allegation must be simple, concise and direct."); *see also* Fed. R. Civ. P. 10(b). When a complaint is so poorly drafted that the defendant cannot be expected to frame a fair response, or if the complaint otherwise fails to state a plausible or legally sufficient claim, the defendant may file a motion to dismiss under Rule 12(b)(6). *See Popham v. Cobb Cty., Ga.*, 392 F. App'x 677, 678 (11th Cir. 2010).

---

[1] At this early stage of the proceedings, the Court declines to strike discrete portions of Plaintiff's recovery demand as Defendant requests. *See Latell v. Santander Bank*, No. 2:13-cv-565-FtM-29CM, 2015 WL 1880687, at *4 (M.D. Fla. Apr. 24, 2015) (denying as premature, motion to strike attorney's fee claim); *First Mutual Grp., LP v. Firestone*, No. 2:14-cv-492-FtM-38CM, 2015 WL 1523911, at *3 (M.D. Fla. Apr. 2, 2015) (same); *Gilbert v. State Farm Mutual Auto. Ins. Co.*, 95 F.Supp.3d 1358, 1365 (M.D. Fla. 2015) (denying motion to strike discrete portion of pleading).

## DISCUSSION

According to Defendant, this Court should dismiss the Bad Faith Claim—Count Three—because the Complaint "does not, and cannot, allege a favorable resolution" of the Coverage Claim—Count One—which is "the underlying action that must resolve favorably to David L. Ralston for [Count Three] to accrue." (Doc. 7, pp. 1–2.) Although Plaintiffs concede that Count Three is premature because they have not yet prevailed on Count One and their damages (if any) have not been determined, they argue that the Court should abate Count Three in accordance with *Fridman v. Safeco Insurance Company of Illinois*, 185 So. 3d 1214 (Fla. 2016).[2] (*See* Doc. 15.)

In *Fridman*, the Florida Supreme Court: (1) held that parties to a bad faith claim are bound by the damages determination reached in an underlying coverage action ("**Damages Holding**"), *see Fridman*, 185 So. 3d at 1224–26; and (2) reaffirmed that abatement is a permissible procedural tool to use when an UM insurance coverage action is filed with an unripe bad faith insurance claim ("**Abatement Holding**"), *id.* at 1228–30. While this Court is bound by the Damages Holding—which resolved a difficult uncertainty in Florida's substantive law—the Abatement Holding concerns a procedural decision that, here, is governed by federal law. *See Shady Grove Ortho. Assocs. P.A. v. Allstate Ins.*

---

[2] Plaintiffs do not dispute the well-settled law that a Florida insurance bad faith claim is not ripe unless and until: (1) a UM insurance coverage claim is resolved in favor of the insured plaintiff; and (2) a determination is made as to the amount of damages suffered by such plaintiff. *See Fridman*, 185 So. 3d at 1224–26; *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991); *see also King v. Gov't Emps. Ins. Co.*, No. 13-14794, at 10 (11th Cir. 2014); *Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.*, 483 F.3d 1265, 1270 n.3 (11th Cir. 2007); *Novak v. Safeco Ins. Co. of Ill.*, 94 F.Supp.3d 1267, 1268 (M.D. Fla. 2015) (denying plaintiff leave to amend complaint to assert bad faith claim before a determination of the insurer's liability and the extent of damages under the policy).

*Co.*, 559 U.S. 393, 406–07 (2010) (quoting *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 446 (1946)).

Federal district courts apply the Federal Rules of Civil Procedure to most procedural issues; but, the Rules provide no explicit authority for abatement or stay of a discrete unripe claim.[3] Absent explicit authority, federal judges may exercise their inherent authority to abate or stay a claim so long as such action is "consistent with federal law." *See* Fed. R. Civ. P. 83(b). Accordingly, the Court must determine whether abatement of an unripe claim is consistent with federal law—particularly the justiciable doctrine of ripeness.[4]

"Article III of the United State Constitution limits the jurisdiction of federal courts to cases and controversies." *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012). This "justiciability" requirement turns on a party's standing and the ripeness or mootness of a party's claim. *See id.*; *see also Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341–42 n.5 (2014) ("The doctrines of standing and ripeness

---

[3] Abatement is referenced only in Rules 25(a)(2) and 25(d)—which concern abatement of an action upon death of a litigant. Similarly, entry of stay is referenced only in Rules 37(b)(2)(iv), 41(d)(2), and 62, in relation to coercive stays and staying execution of judgment under specified circumstances. Such circumstances are not comparable to stay or abatement of an unripe claim.

[4] Almost two years ago, in *Lawton-Davis v. State Farm Mutual Automobile Insurance Company*, the Undersigned noted that "dismissal without prejudice" is the "appropriate procedure" to use when faced with a prematurely-filed insurance bad faith claim. *See* No. 6:14-cv-1157-Orl-37GJK, 2014 WL 6674458, at *3 (M.D. Fla. Nov. 24, 2014). Nonetheless, given the "peculiar" context of Florida's then-unsettled first-party bad-faith law—where the finality of damages awarded in the underlying coverage action and the possibility of prejudice was uncertain—the Court granted a request to abate a bad faith claim. *See id.* at *2–*3; *see also Braddy v. Infinity Assurance Ins. Co.*, No. 6:15-cv-119-Orl-28-GJK, 2016 WL 1446202 (M.D. Fla. Apr. 11, 2016) (citing *Lawton-Davis* and abating bad faith claim). Given *Fridman*'s resolution of the damages uncertainty, it is appropriate to consider the procedural question of abatement anew.

'originate' from the same Article III limitation" on judicial power to the resolution of "Cases and Controversies."). "An injury sufficient to satisfy Article III must be 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Susan B. Anthony List*, 134 S. Ct. at 2342 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)); *see United States v. Rivera*, 613 F.3d 1046, 1050 (11th Cir. 2010) ("The ripeness doctrine keeps federal courts from deciding cases prematurely.").

"A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. U.S.*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted). Plaintiffs' success on their coverage claims and the receipt of a verdict in excess of the Policy limits are just such contingent events. *See supra* n.2. Further, Plaintiffs bear the burden of properly pleading standing and ripeness. *See Susan B. Anthony List*, 134 S. Ct. at 2342. Where, as here, the Plaintiff cannot do so, this Court is required to dismiss the unripe claim—not abate or stay. *See Lord Abbett Mun. Income Fund, Inc. v. Tyson*, 671 F.3d 1203, 1208 (11th Cir. 2012); *Rivera*, 613 F.3d at 1050 (explaining that federal courts must not consider a claim that is outside its "limited jurisdiction").

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1)     Defendant's Motion to Dismiss Count Three and to Strike Claims for Attorney Fees and Prejudgment Interest in Counts One and Two (Doc. 7) is **GRANTED IN PART AND DENIED IN PART**.

    a.     The Motion (Doc. 7) is **GRANTED** with respect to Count Three.

    b.     The Motion (Doc. 7) is **DENIED** in all other respects.

(2)    Count Three of Plaintiffs' Complaint (Doc. 2) is **DISMISSED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 8, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record